# Supreme Court of Florida

_____

No. SC19-1370

_____

**IN RE:  AMENDMENTS TO THE FLORIDA PROBATE RULES —
GUARDIANSHIP**

September 3, 2020

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to

the Florida Probate Rules.  We have jurisdiction[1] and adopt the amendments as

proposed with minor modifications discussed herein.[2]

The Florida Probate Rules Committee (Committee) filed a report proposing

amendments to the Florida Probate Rules and the creation of seven new forms.  *See*

Fla. R. Jud. Admin. 2.140(f).  The Committee's proposals were in response to a

referral from the Court asking the Committee to consider several recommendations

of the Judicial Management Council's Guardianship Workgroup (Workgroup) that

---

1.  *See* art. V, § 2(a), Fla. Const.

2.  Minor technical corrections are not discussed.

could require rule or form amendments and to propose any amendments the Committee determines are warranted.[3]

The Executive Committee of the Board of Governors of The Florida Bar unanimously approved the Committee's proposals. Pursuant to Florida Rule of Judicial Administration 2.140(f), the proposed amendments were not published for comment before they were filed with the Court. After the Committee filed its proposed amendments, the Court published the proposals for comments and received no comments. Thereafter, the Court issued an order requesting that the Committee file a supplemental report addressing whether any of the proposed new forms should contain a note that a certificate of service should be included when required by Florida Rule of Judicial Administration 2.516(b)(2) (Service of Pleadings and Documents; Service; How Made). The Committee filed the supplemental report as requested, which we have taken into consideration.

The Committee proposes amending rules 5.550 (Petition to Determine Incapacity), 5.560 (Petition for Appointment of Guardian of an Incapacitated Person), 5.649 (Guardian Advocate), and 5.900 (Expedited Judicial Intervention Concerning Medical Treatment Procedures). Additionally, the Committee

---

3. Although the Committee proposes several rule amendments and several new forms to address some of the Workgroup's recommendations, the Committee declined to propose amendments in response to three of the Workgroup's recommendations, which were also addressed in the Committee's report.

proposes the adoption of new forms 5.901 (Form for Petition to Determine Incapacity), 5.902 (Form for Petition and Order of Guardian), 5.903 (Letters of Guardianship), 5.904 (Forms for Initial and Annual Guardianship Plans), 5.905 (Form for Petition, Notice, and Order for Appointment of Guardian Advocate of the Person), 5.906 (Letters of Guardian Advocacy), and 5.910 (Inventory). The more significant amendments are discussed below.

We amend subdivision (a)(8) of rule 5.550 to clarify that a petition to determine incapacity must include designations of health care surrogates or other advance directives. Additionally, we amend the rule to require a petitioner seeking guardianship to explain "why the alternatives are insufficient to meet the needs of the alleged incapacitated person."

Next, we amend subdivision (a)(9) of rule 5.560 to require that a petition for appointment of guardian state whether the petitioner has knowledge or belief that there are other possible alternatives to guardianship, and if there are, the petitioner must include an explanation of "why the alternatives are insufficient to meet the needs of the alleged incapacitated person."

Also, we amend subdivision (a)(8) of rule 5.649 to require that a petitioner seeking appointment of a guardian advocate include in the petition whether the petitioner has knowledge that the person with a developmental disability has executed a designation of health care surrogate. If the person with a

- 3 -

developmental disability has executed such a document or an advanced directive under chapter 765, Florida Statutes, or a durable power of attorney under chapter 709, Florida Statutes, then the petitioner must explain "why the documents are insufficient to meet the needs of the individual." Further, we adopt new subdivision (a)(9) that requires a statement from the petitioner regarding any knowledge of a preneed guardian designation.

Furthermore, we adopt new rules containing standardized forms, providing public access to forms to help reduce costs and creating uniformity statewide. First, we adopt new rule 5.901, which provides a model form to be used in a petition to determine incapacity pursuant to rule 5.550. Next, we adopt new rule 5.902, which includes a Petition for Appointment of Guardian and an Order for Appointment of Guardian. Further, we adopt new rule 5.903, which includes forms for "Letters of Guardianship of the Person" and "Letters of Guardianship of the Property." We also adopt new rule 5.904, which provides the following guardianship plans: "Initial Guardianship Plan for Minor;" "Annual Guardianship Plan for Minor;" "Initial Guardianship Plan for Adult;" and "Annual Guardianship Plan for Adult." Additionally, we adopt new rule 5.905, which includes a petition, notice, and order for appointment of guardian advocate of the person. We adopt new rule 5.906, which provides model Letters of Guardian Advocacy. Lastly, we adopt new rule 5.910, which is a form for an inventory account. We have added

the following statement to rule 5.910, as recommended in the Committee's supplemental report:  "A certificate of service as required by Florida Rule of Judicial Administration 2.516 must be included if the incapacitated person is not a minor under 14 years of age and is not totally incapacitated."

Accordingly, the Florida Probate Rules are amended as reflected in the appendix to this opinion.  New language is indicated by underscoring; deletions are indicated by struck-through type.  The amendments shall take effect immediately upon the release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, and COURIEL, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – The Florida Probate Rules Committee

Robert L. McElroy IV, Chair, Palm Beach Gardens, Florida, Jeffrey Scott Goethe, Past Chair, Florida Probate Rules Committee, Bradenton, Florida, Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 5.550.  PETITION TO DETERMINE INCAPACITY

**(a)  Contents.** The petition to determine incapacity shall be verified by the petitioner and shall state:

(1) – (7)  [No Change]

(8)  whether there are possible alternatives to guardianship known to the petitioner, including, but not limited to, trust agreements, powers of attorney, designations of health care surrogates, or other advance directives, and if the petitioner is seeking a guardianship, an explanation as to why the alternatives are insufficient to meet the needs of the alleged incapacitated person.

**(b) – (f)  [No Change]**

### Committee Notes

**Rule History**

1980 Revision – 2017 Revision:  [No Change]

2020 Revision: Amends subdivision (a)(8) to address the Judicial Management Council Guardianship Workgroup Final Report dated June 15, 2018, Focus Area 1, Recommendation 3, by requiring an explanation if there are less restrictive alternatives to guardianship, but they are not sufficient to meet the needs of the alleged incapacitated person. Committee notes revised.

**Statutory References**

§ 709.2104, Fla. Stat. Durable power of attorney.

§ 709.2109, Fla. Stat. Termination or suspension of power of attorney or agent's authority.

§ 744.1012, Fla. Stat. Legislative intent.

§ 744.104, Fla. Stat. Verification of documents.

§ 744.3045, Fla. Stat. Preneed guardian.

§ 744.3115, Fla. Stat. Advance directives for health care.

§ 744.3201, Fla. Stat. Petition to determine incapacity.

§ 744.331, Fla. Stat. Procedures to determine incapacity.

§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.

§ 744.441(11), Fla. Stat. Powers of guardian upon court approval.

§ 744.462, Fla. Stat. Determination regarding alternatives to guardianship.

§ 765.102, Fla. Stat. Legislative intent and findings.

**Rule References**

[No Change]

## RULE 5.560.  PETITION FOR APPOINTMENT OF GUARDIAN OF AN INCAPACITATED PERSON

**(a)** **Contents.** The petition shall be verified by the petitioner and shall state:

(1) – (8)  [No Change]

(9)  whether the petitioner has knowledge, information, or belief that there are possible alternatives to guardianship known to the petitioner, including, but not limited to, trust agreements, powers of attorney, designations of health care surrogates, or other advance directives, and if there are possible alternatives to guardianship, an explanation as to why the alternatives are insufficient to meet the needs of the alleged incapacitated person; and

(10)  whether the petitioner has knowledge, information, or belief that the alleged incapacitated person has a preneed guardian designation; and

(1011)  if the proposed guardian is a professional guardian, a statement that the proposed guardian has complied with the registration requirements of section 744.2002, Florida Statutes.

**(b) – (c)**  **[No Change]**

**Committee Notes**

**Rule History**

1975 Revision – 2016 Revision:  [No Change]

2020 Revision: Amends subdivision (a)(9) to address the Judicial Management Council Guardianship Workgroup Final Report dated June 15, 2018, Focus Area 1, Recommendation 3, by requiring an explanation if there are less restrictive alternatives to guardianship, but they are not sufficient to meet the needs of the alleged incapacitated person. Adds a new subdivision (a)(10) to address the Judicial Management Council Guardianship Workgroup Final Report dated June 15, 2018, Focus Area 1, Recommendation 4, by requiring a statement of the petitioner's knowledge of any preneed guardian designation. Committee notes revised.

**Statutory References**

§ 709.2104, Fla. Stat. Durable power of attorney.

§ 709.2109, Fla. Stat. Termination or suspension of power of attorney or agent's authority.

§ 744.2002, Fla. Stat. Professional guardian registration.

§ 744.3045, Fla. Stat. Preneed guardian.

§ 744.309, Fla. Stat. Who may be appointed guardian of a resident ward.

§ 744.3115, Fla. Stat. Advance directives for health care.

§ 744.312, Fla. Stat. Considerations in appointment of guardian.

§ 744.3201, Fla. Stat. Petition to determine incapacity.

§ 744.331, Fla. Stat. Procedures to determine incapacity.

§ 744.334, Fla. Stat. Petition for appointment of guardian or professional guardian; contents.

§ 744.3371(1), Fla. Stat. Notice of petition for appointment of guardian and hearing.

§ 744.341, Fla. Stat. Voluntary guardianship.

§ 744.2005 Fla. Stat. Order of appointment.

§ 744.462, Fla. Stat. Determination regarding alternatives to guardianship.

§ 744.2006, Fla. Stat. Office of public guardian; appointment, notification.

§ 765.102, Fla. Stat. Legislative intent and findings.

**Rule References**

[No Change]

## RULE 5.649.    GUARDIAN ADVOCATE

**(a)    Petition for Appointment of Guardian Advocate.** A petition to appoint a guardian advocate for a person with a developmental disability may be executed by an adult person who is a resident of this state. The petition must be verified by the petitioner and must state:

(1) – (6)    [No Change]

(7)    the name of the proposed guardian advocate, the relationship of the proposed guardian advocate to the person with a developmental disability, the relationship of the proposed guardian advocate with the providers of health care services, residential services, or other services to the person with developmental disabilities, and the reason why the proposed guardian advocate should be appointed. If a willing and qualified guardian advocate cannot be located, the petition must so state; and

(8)    whether the petitioner has knowledge, information, or belief that the person with a developmental disability has executed an designation of health care surrogate or other advance directive under chapter 765, Florida Statutes, or a durable power of attorney under chapter 709, Florida Statutes, and if the person with a developmental disability has executed any of the foregoing documents, an explanation as to why the documents are insufficient to meet the needs of the individual; and

(9)    whether the petitioner has knowledge, information, or belief that the person with a developmental disability has a preneed guardian designation.

**(b) – (c)    [No Change]**

**(d)     Order.** If the court finds the person with a developmental disability requires the appointment of a guardian advocate, the order appointing the guardian advocate must contain findings of facts and conclusions of law, including:

(1) – (3)     [No Change]

(4)     if the person has executed an̶ designation of health care surrogate, other advance directive, or durable power of attorney, a determination as to whether the documents sufficiently address the needs of the person and a finding that the advance directive or durable power of attorney does not provide an alternative to the appointment of a guardian advocate that sufficiently addresses the needs of the person with a developmental disability;

(5) – (9)     [No Change]

**(e)     [No Change]**

### Committee Notes

**Rule History**

2008 Revision – 2019 Revision: [No Change]

2020 Revision: Amends subdivision (a)(8) to address the Judicial Management Council Guardianship Workgroup Final Report dated June 15, 2018, Focus Area 1, Recommendation 3, by requiring an explanation if there are less restrictive alternatives to guardianship, but they are not sufficient to meet the needs of the person with a developmental disability. Adds a new subdivision (a)(9) to address the Judicial Management Council Guardianship Workgroup Final Report dated June 15, 2018, Focus Area 1, Recommendation 4, by requiring a statement of the petitioner's knowledge of any preneed guardian designation. Committee notes revised.

**Statutory References**

§ 393.063(9), Fla. Stat. Definitions.

§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.

§§ 709.2101–709.2402, Fla. Stat. Florida Power of Attorney Act.

§ 709.2019, Fla. Stat. Termination or suspension of power of attorney or agent's authority.

§ 744.3045, Fla. Stat. Preneed guardian.

§ 765.101, Fla. Stat. Definitions.

§ 765.104, Fla. Stat. Amendment or revocation.

§ 765.202, Fla. Stat. Designation of a health care surrogate.

§ 765.204, Fla. Stat. Capacity of principal; procedure.

§ 765.205(3), Fla. Stat. Responsibility of the surrogate.

§ 765.302, Fla. Stat. Procedure for making a living will; notice to physician.

§ 765.401, Fla. Stat. The proxy.

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.540 Hearings.

Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.

**RULE 5.~~900~~850.  EXPEDITED JUDICIAL INTERVENTION CONCERNING MEDICAL TREATMENT PROCEDURES**

**(a) – (d)      [No Change]**

**Committee Notes**

[No Change]

**Rule History**

1991 Revision – 2019 Revision: [No Change]

2020 Revision: Rule was renumbered from 5.900 to 5.850 to allow forms to follow the rules set. Committee notes revised.

**Constitutional Reference**

Art. I, § 23, Fla. Const.

**Statutory References**

§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.

§§ 709.2101–709.2402, Fla. Stat. Florida Power of Attorney Act.

§ 709.2109, Fla. Stat. Termination or suspension of power of attorney or agent's authority.

§ 731.302, Fla. Stat. Waiver and consent by interested person.

§ 744.102, Fla. Stat. Definitions.

§ 744.104, Fla. Stat. Verification of documents.

§ 744.3115, Fla. Stat. Advance directives for health care.

ch. 765, Fla. Stat. Health care advance directives.

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040 Notice.

## PART V — FORMS

The following forms are sufficient for the matters that are covered by them. So long as the substance is expressed without prolixity, the forms may be varied to meet the facts of a particular case. The forms are not intended to be part of the rules and are provided for convenience only.

## RULE 5.901.          FORM FOR PETITION TO DETERMINE INCAPACITY

MODEL FORM FOR USE IN PETITION TO DETERMINE
INCAPACITY PURSUANT TO FLORIDA PROBATE RULE 5.550

In the Circuit Court of the

_____ Judicial Circuit,

in and for _____

County, Florida

Probate Division

Case No. _____

In Re: Guardianship of

_____

Respondent's Name
An Alleged Incapacitated Person

_____

### PETITION TO DETERMINE INCAPACITY

Petitioner, .....(name of petitioner)....., files this petition seeking a determination of incapacity of the respondent and states:

1.      Petitioner's name: _____          Petitioner's age: _____

Petitioner's home address and mailing address: _____

_____

Petitioner's relationship to the respondent: _____

_____

2.      Respondent's name: _____          Respondent's age: _____

Respondent's home address, mailing address, county of residence: _____

_____

_____

Primary language of the respondent: _____

3.      The factual basis for alleging incapacity: _____
_____
_____

4.      List all persons, with their name and address, known to have information relating to the basis for alleging incapacity: _____
_____
_____
_____

5.      Which rights are being sought to be removed under section 744.3215, Florida Statutes? Indicate which rights that the petitioner requests be removed from the respondent, but not delegated to a guardian:

( )     a.      to marry. If the right to enter into a contract has been removed, the right to marry is subject to court approval;

( )     b.      to vote;

( )     c.      to personally apply for government benefits;

( )     d.      to have a driver license;

( )     e.      to travel; and

( )     f.      to seek or retain employment.

Indicate which rights that the petitioner requests be removed from the respondent, but may be delegated to the guardian:

( )     a.      to contract;

( )     b.      to sue and defend lawsuits;

( )     c.      to apply for government benefits;

( )     d.      to manage property or to make any gift or disposition of property;

( )     e.      to determine his or her residence;

( )     f.      to consent to medical and mental health treatment; and

( )     g.      to make decisions about his or her social environment or other social aspects of his or her life.

If all of the above are checked a determination of plenary incapacity is requested. If only some of the above are checked a determination of limited incapacity is requested.

6.	Is a guardianship being sought? _____ Yes _____ No

Check any possible alternatives to guardianship:

( )	a.	trust agreements;

( )	b.	powers of attorney;

( )	c.	designations of health care surrogates;

( )	d.	other advance directives; or

( )	e.	other _____

If a guardianship is being sought, explain why the checked possible alternatives to guardianship are insufficient to meet the needs of the respondent: _____
_____
_____

7.	List the names, addresses, phone numbers, and relationships of the living next of kin of the respondent, including date of birth if the person is a minor. If married, this includes the spouse and all of his or her children:

| Name | Address | Relationship |
|------|---------|--------------|
|      |         |              |
|      |         |              |

8.	Name, address, and phone number of family physician, if known: _____
_____

WHEREFORE, this court is respectfully requested to determine incapacity of the respondent, award attorney's fees and costs pursuant to Chapter 744, Florida Statutes, and grant such other relief as the court deems just and proper.

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

Signed on .....(date)......

_____
Petitioner's Signature
Petitioner's Printed Name: _____
Petitioner's Address: _____

Petitioner's Phone Number: _____
Petitioner's E-mail Address: _____

**RULE 5.902.        FORM FOR PETITION AND ORDER OF GUARDIAN**

### (a)        Petition.

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship of

_____
Respondent's Name


_____


### PETITION FOR APPOINTMENT OF GUARDIAN

Petitioner, _____, files this petition pursuant to section 744.1097, Florida Statutes, and alleges that:

1.        The petitioner, proposed guardian .....(name)....., who is _____ years of age, whose residential address is _____ and post office address is _____. The relationship of the petitioner to the respondent is _____.

2.        Venue is proper in .....(county)....., pursuant to section 744.1097(2), Florida Statutes, (choose one):

        (   )    a.        the incapacitated person resides in .....(county)....., Florida;

        (   )    b.        the incapacitated person is not a Florida resident but owns property in .....(county)....., Florida; or

        (   )    c.        a debtor of the incapacitated person resides in .....(county)...., Florida and the incapacitated person is not a Florida resident and does not own property in Florida.

3.        The nature of the incapacity of the respondent: _____

_____

_____

4.        The extent of the guardianship requested for the respondent:

        (   )    a.        plenary; or

( ) b. limited.

5. The guardianship requested for the respondent is (choose one):

( ) a. of the person;

( ) b. of the property; or

( ) c. of the person and property.

6. The nature and value of the property subject to guardianship: _____

_____

_____

7. The names and addresses of the living next of kin of the respondent are:

| Name | Address | Relationship |
|------|---------|--------------|
|      |         |              |
|      |         |              |

8. Choose one:

( ) a. the petitioner proposes that .....(name)..... be appointed as guardian and that .....(name)..... is qualified to serve;

( ) b. a willing and qualified guardian has not been located; or

( ) c. the proposed guardian is a professional guardian and has complied with the registration requirements of section 744.2002, Florida Statutes.

9. The proposed guardian should be appointed because: _____

_____

_____

10. There _____ are or _____ are not alternatives to the appointment of a guardian, such as trust agreements, powers of attorney, designation of health care surrogate, or other advanced directive, known to petitioner.

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

Signed .....(date)......

Signature: _____
Petitioner

Name: _____

Address: _____

_____

Phone Number: _____

E-mail Address: _____

**(b)    Order.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Probate Division
Case No._____

In Re: Guardianship of

_____
Respondent's Name

_____

ORDER FOR APPOINTMENT OF GUARDIAN

1.    By order of this court on .....(date)....., the respondent .....(name)..... was adjudicated incapacitated and is now a ward as defined in section 744.102(22), Florida Statutes. The extent of the incapacity is .....(plenary or limited)...... The ward retains the rights listed in section 744.3215(a), Florida Statutes.

2.    No alternative to guardianship exists that sufficiently addresses the respondent's needs.

3.    A .....(plenary or limited)..... guardianship of the:

( )    a.    person;

( )    b.    property; or

( )    c.    person and property

is consistent with the respondent's welfare and safety, is the least restrictive alternative, and reserves to the respondent the right to make decisions in all matters commensurate with the ward's ability to do so.

4.    .....(Name of guardian)..... is qualified to serve as .....(plenary or limited)..... guardian of the:

( )    a.    person;

( )    b.    property; or

( )    c.    person and property of the ward

- 20 -

5.   (  )   a.   .....(Name of guardian)..... is the standby guardian or preneed guardian;

(  )   b.   there is no standby guardian or preneed guardian;

(  )   c.   there is a standby guardian or preneed guardian, but such person is not qualified to serve pursuant to section 744.309, Florida Statutes; or

(  )   d.   there is a standby guardian or preneed guardian, but appointment of such person is contrary to the best interests of the ward because: _____

_____

_____

6.   Any additional facts that support the selection of guardian: _____

_____

_____

7.   (  )   a.   No advance directive exists;

(  )   b.   the following advance directive exists and is entitled .....(name of advance directive)..... and is dated .....(date of advance directive).....;

(  )   c.   the advance directive is being revoked or modified and the surrogate under the advance directive entitled .....(name of advance directive)..... and is dated .....(date of advance directive)..... was given notice of this proceeding and any motion to revoke or modify the advance directive; or

(  )   d.   if the advance directive is being revoked or modified the facts supporting the revocation or modification: _____

_____

_____

ORDERED and ADJUDGED as follows:

8.   The court hereby appoints .....(name of guardian)..... as the.....(plenary or limited)..... guardian of the:

(  )   a.   person;

(  )   b.   property; or

(  )   c.   person and property of the ward.

9.   The guardian may exercise only those delegable rights that have been removed from the ward and specifically delegated to the guardian, which are:

(  )   a.   to contract;

(  )   b.   to sue and defend lawsuits;

( ) c. to apply for government benefits;

( ) d. to manage property or to make any gift or disposition of property;

( ) e. to determine the ward's residence;

( ) f. to consent to medical and mental health treatment; and

( ) g. to make decisions about the ward's social environment or other social aspects of the ward's life.

10. The guardian may not exercise the following rights, even if such rights were removed from the ward:

a. to marry;

b. to vote;

c. to personally apply for government benefits;

d. to have a driver license;

e. to travel; and

f. to seek or retain employment.

11. The amount of the bond to be given by the guardian is: _____

12. The guardian:

( ) a. must; or

( ) b. is not required to

place all, or part, of the property of the ward in a restricted account in a financial institution designated pursuant to section 69.031, Florida Statutes.

13. ( ) a. No known advance directive exists;

( ) b. the advance directive entitled .....(name of advance directive)..... and is dated .....(date of advance directive)..... is being modified or revoked as follows:

( ) i. the surrogate shall not continue to exercise any authority over the ward with regard to health care decisions;

( ) ii. the surrogate shall continue to exercise authority over the respondent with regard to health care decisions;

( ) iii. the surrogate shall exercise the following authority over the ward with regard to: _____

_____

_____; or

( ) iv. The guardian shall exercise the following authority over the ward with regard to health care decisions: _____

_____

_____

14. The respondent .....(may or may not)..... have a license to carry a firearm or possess a weapon or firearm.

ORDERED this .....(date)......

_____
Judge

## RULE 5.903.    LETTERS OF GUARDIANSHIP

### (a)    Letters of Guardianship of the Person.

FORM LETTERS OF GUARDIANSHIP OF THE PERSON

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship of the Person

_____
Ward
An Incapacitated Person

_____

LETTERS OF .....(PLENARY OR LIMITED)..... GUARDIANSHIP OF THE PERSON

TO ALL WHOM IT MAY CONCERN:

WHEREAS, .....(guardian's name)..... has been appointed .....(plenary or limited)..... guardian of the person of .....(the ward)..... and has taken the prescribed oath and performed all other acts prerequisite to issuance of .....(plenary or limited)..... letters of guardianship of the person of the ward.

NOW THEREFORE, I, the undersigned judge, declare .....(guardian's name)..... duly qualified under the laws of the State of Florida to act as .....(plenary or limited)..... guardian of the person of .....(ward's name)..... with full power to exercise all power or the following powers and duties pertaining to the ward's person:

( )    1.    to determine his or her residence;

( )    2.    to consent to medical and mental health treatment; and

( )    3.    to make decisions about his or her social environment or other social aspects of his or her life;

except the guardian shall not exercise any rights enumerated under section 744.3215(1), Florida Statutes.

The guardian ____ shall ____ not execute any power over any health care surrogate appointed by any valid advance directive executed by the ward, pursuant to section 744.345, Florida Statutes, except upon order of this court.

ORDERED this .....(date)......

_____

Judge

## (b)    Letters of Guardianship of the Property.

FORM LETTERS OF GUARDIANSHIP OF THE PROPERTY

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship of the Property

_____

Ward
An Incapacitated Person

_____

LETTERS OF .....(PLENARY OR LIMITED)..... GUARDIANSHIP OF THE PROPERTY

TO ALL WHOM IT MAY CONCERN:

WHEREAS, .....(guardian's name)..... has been appointed .....(plenary or limited)..... guardian of the property of .....(the ward)..... and has taken the prescribed oath and performed all other acts prerequisite to issuance of .....(plenary or limited)..... letters of guardianship of the property of the ward.

NOW THEREFORE, I, the undersigned judge, declare .....(guardian's name)..... duly qualified under the laws of the State of Florida to act as .....(plenary or limited)..... guardian of the property of .....(ward's name)..... with full power to exercise all delegable legal rights and powers of the ward, (or these listed):

( )    1.    to contract;

( )    2.    to sue and defend lawsuits;

( )    3.    to apply for government benefits; and

( )    4.    to manage property or to make any gift or disposition of property;

except the guardian shall not exercise any rights enumerated under section 744.3215(1), Florida Statutes.

ORDERED on .....(date)......

_____

Judge

## RULE 5.904.        FORMS FOR INITIAL AND ANNUAL GUARDIANSHIP PLANS

### (a)        Initial Guardianship Plan for Minor.

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship of

_____

Minor Ward

_____

### INITIAL GUARDIANSHIP PLAN FOR MINOR

.....(Guardian's name)....., the guardian of the person of .....(ward's name)....., submits the following annual plan for the period beginning on .....(beginning date)..... and ending on .....(ending date)....., for the benefit of the ward.

1.        The ward's address at the time of filing this plan is: _____
_____

2.        The medical, dental, mental, or personal care services for the welfare of the ward that will be provided during the upcoming year are:

| Provider | Type of Service to be Provided |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

3.        The social and personal services to be provided for the welfare of the ward during the upcoming year are: _____
_____
_____

- 27 -

4.     The place and kind of residential setting best suited for the needs of the ward is: __

_____
_____

5.     The physical and/or mental examinations necessary to determine the ward's medical, dental, and mental health treatment needs are: _____

_____
_____

6.     Education of the ward:

Name and address of the school the ward will attend: _____

_____

Grade level of ward: _____

Description of classes the ward will attend: _____

7.     Consulting with ward (Check one):

(   )     a.     The ward is under age 14;

OR

(   )     b.     The guardian attests that the guardian has consulted with the ward (if ward is 14 years of age or older) and, to the extent reasonable, honored the ward's wishes consistent with the rights retained by the ward under the plan, and to the maximum extent reasonable, the plan is in accordance with the wishes of the ward.

8.     This initial plan does not restrict the physical liberty of the ward more than is reasonably necessary to protect the ward from serious physical injury, illness, or disease and provides the ward with medical care and mental health treatment for the ward's physical and mental health.

(Please use additional sheets if necessary)

**Under penalties of perjury, I declare that I have completed and read the foregoing, and the facts set forth are true, to the best of my knowledge and belief.**

Signed on .....(date)......
*[A certificate of service is required if ward is 14 years of age or older.]*
        [I certify that the foregoing document has been furnished to .....(name, address used for service, mailing address, and e-mail address)..... by (e-mail) (delivery) (mail) (fax) on .....(date)…...]

_____
Guardian's Signature
Guardian's Printed Name: _____
Guardian's Address: _____

- 28 -

Guardian's Phone Number: _____
Guardian's E-mail Address: _____

If the guardian is represented by counsel, the attorney must comply with Florida Rule of Judicial Administration 2.515.

**(b)      Annual Guardianship Plan for Minor.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship of

_____

Minor Ward

_____

ANNUAL GUARDIANSHIP PLAN FOR MINOR

.....(Guardian's name)....., the guardian of the person of .....(ward's name)....., submits the following annual plan for the period beginning on .....(beginning date)..... and ending on .....(ending date)......

1.      The ward's address at the time of filing this plan is: _____
_____. During the prior 12 months, the ward resided at (include dates, names, addresses, and length of stay at each location):

| Date | Name | Address | Length of stay |
|------|------|---------|----------------|
|      |      |         |                |
|      |      |         |                |
|      |      |         |                |

2.      List any professional treatment (medical or dental) given to the ward during the prior 12 months:

| Date | Provider | Treatment provided |
|------|----------|--------------------|
|      |          |                    |
|      |          |                    |
|      |          |                    |

3.      A report from the physician who examined the ward no more than 180 days before the beginning of the applicable reporting period that contains an evaluation of the ward's physical and mental conditions has been filed with this plan. [*See subdivision (e) of this rule for a format for a physician's report.*]

4.      The plan for providing medical or dental services in the coming year:

5. A summary of the ward's school progress report:

6. A description of the ward's social development, including how well the ward communicates and maintains interpersonal relationships:

7. The social needs of the ward are:

8. Consulting with ward (Check one):

( ) a. The ward is under age 14;

OR

( ) b. The guardian attests that the guardian has consulted with the ward (if ward is 14 years of age or older) and, to the extent reasonable, honored the ward's wishes consistent with the rights retained by the ward under the plan, and to the maximum extent reasonable, the plan is in accordance with the wishes of the ward.

(Please use additional sheets if necessary)

**Under penalties of perjury, I declare that I have completed and read the foregoing, and the facts set forth are true, to the best of my knowledge and belief.**

Signed on .....(date)......
*[A certificate of service is required if ward is 14 years of age or older.]*

[I certify that the foregoing document has been furnished to .....(name, address used for service, mailing address, and e-mail address)..... by .....(e-mail) (delivery) (mail) (fax)..... on .....(date)…...]

Guardian's Signature
Guardian's Printed Name:
Guardian's Address:

Guardian's Phone Number:

Guardian's E-mail Address: _____

**(c)    Initial Guardianship Plan for Adult.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship of


_____
Respondent's Name
Person with Developmental Disability


_____


INITIAL GUARDIANSHIP PLAN
(Initial Report of Guardian/Guardian Advocate)

.....(Guardian's name)....., the guardian of the person/guardian advocate of .....(ward's name)....., the ward, submits the following initial plan:

During the period beginning .....(beginning date)....., and ending on .....(ending date)....., the guardian proposes the following plan for the benefit of the ward.

1.    The medical, mental, or personal care services for the welfare of the ward that will be provided during the upcoming year are:

| Provider | Type of Service to be Provided |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

2.    The social and personal services to be provided for the welfare of the ward during the upcoming year are: _____

_____

_____

3.      The place and kind of residential setting best suited for the needs of the ward is:

_____

_____

4.      Describe the health and accident insurance and any other private or governmental benefits to which the ward may be entitled to meet any part of the costs of medical, mental health, or related services provided to the ward: _____

_____

_____

5.      The physical and/or mental examinations necessary to determine the ward's medical, and mental health treatment needs are: _____

_____

_____

6.      The guardian/guardian advocate hereby attests that the guardian/guardian advocate has consulted with the ward and, to the extent reasonable, honored the ward's wishes consistent with the rights retained by the ward under the plan, and to the maximum extent reasonable, the plan is in accordance with the wishes of the ward.

7.      This initial plan does not restrict the physical liberty of the ward more than is reasonably necessary to protect the ward from serious physical injury, illness, or disease and provides the ward with medical care and mental health treatment for the ward's physical and mental health.

(Please use additional sheets if necessary)

**Under penalties of perjury, I declare that I have completed and read the foregoing, and the facts set forth are true, to the best of my knowledge and belief.**

Signed on .....(date)......
*[A certificate of service is required unless ward has been declared totally incapacitated.]*

[I certify that the foregoing document has been furnished to .....(name, address used for service, mailing address, and e-mail address)..... by .....(e-mail) (delivery) (mail) (fax)..... on .....(date)…....]


_____
Guardian's Signature
Guardian's Printed Name: _____
Guardian's Address: _____

_____
Guardian's Phone Number: _____
Guardian's E-mail Address: _____

**(d)      Annual Guardianship Plan for Adult.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship of

_____
Respondent's Name
Person with Developmental Disability

_____

ANNUAL GUARDIANSHIP PLAN OF GUARDIAN/
GUARDIAN ADVOCATE OF THE PERSON

.....(Guardian's name)....., the guardian of the person/guardian advocate of .....(ward's name)....., the ward, submits the following annual plan for the period beginning .....(beginning date)..... ending .....(ending date)......

1.      The ward's address at the time of filing this plan is: _____

2.      During the prior 12 months, the ward resided or was maintained at (include dates, names, addresses, and length of stay at each location):

| Date | Name | Address | Length of stay |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3.      The residential setting best suited for the current needs of the ward is (Check one):

( )    a.      group home;

( )    b.      assisted living;

( )    c.      nursing home;

( )    d.      live with parents;

( )    e.      at ward's private residence; or

( )    f.      other: _____

- 35 -

4.     Plans for ensuring that the ward is in the best residential setting to meet the ward's needs during the coming year are as follows: _____

_____

_____

5.     The following is a list of any medical treatment given to the ward during the preceding year:

| Date | Provider | Treatment provided |
|------|----------|--------------------|
|      |          |                    |
|      |          |                    |
|      |          |                    |

6.     Attached is a report of a physician who examined the ward no more than 90 days before the end of the report period, including that physician's evaluation of the ward's condition and a statement of the current level of capacity of the ward.

7.     The plan for provision of medical, dental, mental health, and rehabilitative services (for example, occupational therapy, physical therapy, speech therapy, applied behavioral analysis) in the coming year is:

| Date | Provider | Service provided |
|------|----------|------------------|
|      |          |                  |
|      |          |                  |
|      |          |                  |

8.     The following information is submitted concerning the social condition of the ward:

a.     The ward is currently using the following social and personal services (include name, services rendered, and address of each provider), including any groups the ward is participating in:

| Date | Provider | Service provided |
|------|----------|------------------|
|      |          |                  |
|      |          |                  |
|      |          |                  |

b.     The following is a statement of the social skills of the ward, including how well the ward maintains interpersonal relationships with others: _____

_____

_____

c.    The following is a description of the social needs of the ward, if any: _____

_____

_____

9.    The following is a summary of activities during the preceding year designed to increase the capacity of the ward, including involvement in groups or group activities: _____

_____

_____

10.    Is the ward now capable of having some or all of the ward's rights restored?

(   )    If yes, identify the rights that should be restored: _____

_____

11.    Do you plan to seek the restoration of any rights to the ward?

(   )    If yes, identify the rights that you are seeking to be restored: _____

_____

12.    This plan _____ has or _____ has not been reviewed with the ward.

(Please use additional sheets where necessary)

**Under penalties of perjury, I declare that I have completed and read the foregoing, and the facts set forth are true, to the best of my knowledge and belief.**

Signed on .....(date)......
*[A certificate of service is required unless ward has been declared totally incapacitated.]*

[I certify that the foregoing document has been furnished to .....(name, address used for service, mailing address, and e-mail address)..... by .....(e-mail) (delivery) (mail) (fax)..... on .....(date)…...]

_____

Guardian's Signature
Guardian's Printed Name: _____
Guardian's Address: _____

_____

Guardian's Phone Number: _____
Guardian's E-mail Address: _____

If the guardian is represented by counsel, the attorney must comply with Florida Rule of Judicial Administration 2.515 (every document of a party represented by an attorney shall be signed by at least one attorney of record).

**(e)** **Physician's Report.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship of

_____
Respondent's Name
Person with Developmental Disability

_____

PHYSICIAN'S REPORT
(Required by section 744.3675, Florida Statutes)

1. Name of Physician: _____

   Address: _____
   _____

2. Name of ward: _____

3. Date of examination: _____

4. Purpose of examination: _____

   a. Regular checkup: _____

   b. Treatment for: _____

5. Evaluation of ward's condition: (Specify mental and physical condition at time of examination) _____
   _____
   _____

6. Description of ward's capacity to live independently: _____
   _____
   _____

7. The ward _____ does _____ does not continue to need assistance of a guardian.

8. Is the ward capable of being restored to capacity at this time? _____ Yes _____ No

Are there any rights that can be restored at this time? Check any rights that can be restored:

- 38 -

( )    a.       to marry;

( )    b.       to vote;

( )    c.       to personally apply for government benefits;

( )    d.       to have a driver license;

( )    e.       to travel;

( )    f.       to seek or retain employment;

( )    g.       to contract;

( )    h.       to sue and defend lawsuits;

( )    i.       to apply for government benefits;

( )    j.       to manage property or to make any gift or disposition of property;

( )    k.       to determine his or her residence;

( )    *l.*       to consent to medical and mental health treatment; or

( )    m.       to make decisions about his or her social environment or other social aspects of his or her life.

9.      Date of this report: _____

10.      Signature of physician completing this report: _____

**INSTRUCTIONS TO GUARDIANS AND GUARDIAN ADVOCATES FOR FILING ANNUAL PLANS**

1.      Fill in the name of the County where the case is filed on the second blank line at the top where it reads "IN AND FOR _____ COUNTY."

2.      Print the name of the ward on the line just below the "In Re: Guardianship of" caption.

3.      Put the case number in the space marked "CASE NO." in the upper right-hand corner (same as court file number).

4.      On the first blank line after the title of the document (Annual Plan), print the guardian's name.

5.      On the next blank line, print the ward's name.

6.      Write in the dates for the period of time of the plan. This period should end on the last day of the month of the month you were appointed and begin a full year before that. If you do not know your plan period, please see the chart below. Please call the Clerk's Office or the appropriate Court Staff in the county where you are filing, if you cannot determine the plan period after reviewing the chart.

7.      Type or print answers to all of the questions on the plan. If the question does not apply to your ward's circumstances, write in the phrase "not applicable." Fill in all the blanks. If your ward has a habilitation plan (produced by the social worker or the Florida Department of Children and Families) and it has changed, please provide a copy of the habilitation as an attachment to the plan. If the habilitation plan has not changed then do not file a copy.

8.      In paragraph 9, if your ward participates in groups, include that information in this paragraph.

9.      Sign your name, and print your name, address, e-mail address, and phone number where indicated. If there are co-guardian advocates, both must sign the plan.

10.      Make a copy of the plan for your records in the event there is a problem and work from it for next year's plan. Make a copy of any attachments to the plan, as well.

11.      Mail or hand deliver the original plan to the **Clerk of Court** of your county where the case is filed. You MUST also send a copy of the plan to your attorney, if you have an attorney, so that the attorney will know that you have filed the plan and will have a copy of the plan in case there is a problem.

# APPENDIX B

## ANNUAL ACCOUNTING AND PLAN DATES
## (IF FISCAL YEAR REPORT PERIOD)

| Month Letters Signed | Report Begin Date | Report End Date | Report Due Date |
|---|---|---|---|
| January | February 1 | January 31 | May 1 |
| February | March 1 | February 28 | June 1 |
| March | April 1 | March 31 | July 1 |
| April | May 1 | April 30 | August 1 |
| May | June 1 | May 31 | September 1 |
| June | July 1 | June 30 | October 1 |
| July | August 1 | July 31 | November 1 |
| August | September 1 | August 31 | December 1 |
| September | October 1 | September 30 | January 1 |
| October | November 1 | October 31 | February 1 |
| November | December 1 | November 30 | March 1 |
| December | January 1 | December 31 | April 1 |

**RULE 5.905.** **FORM FOR PETITION, NOTICE, AND ORDER FOR APPOINTMENT OF GUARDIAN ADVOCATE OF THE PERSON**

**(a)** **Petition.**

FORM FOR USE IN PETITION FOR
APPOINTMENT OF GUARDIAN ADVOCATE OF THE PERSON
PURSUANT TO FLORIDA PROBATE RULE 5.649

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship Advocacy of

_____
Respondent's Name
Person with Developmental Disability

_____

PETITION FOR APPOINTMENT OF
GUARDIAN ADVOCATE OF THE PERSON

Petitioner, _____, files this petition pursuant to section 393.12, Florida Statutes, and Florida Probate Rule 5.649 and alleges that:

1.      The petitioner, proposed guardian advocate .....(name)....., is _____ years of age, whose residential address is _____ and post office address is _____. The relationship of the petitioner to the respondent is _____.

2.      .....(Respondent's name)..... is a person with a developmental disability who was born on _____ and who is _____ years of age, who resides in _____ County, Florida. The residential address of the respondent is _____ and the post office address is _____.

3.      The petitioner believes that respondent needs a guardian advocate:

        a.      due to the following developmental disability:

                (  )   i.      intellectual disability;

                (  )   ii      cerebral palsy;

- 42 -

( )     iii.      autism;

( )     iv.      spina bifida;

( )     v.      Down syndrome;

( )     vi.      Phelan-McDermid syndrome; or

( )     vii.      Prader-Willi syndrome,

which manifested prior to the age of 18.

     b.      The developmental disability has resulted in the following substantial handicaps: _____

_____

4.      The exact areas in which the person with the developmental disability lacks the ability to make informed decisions about his/her care and treatment services or to meet the essential requirements for his/her physical health or safety are as follows:

( )     a.      to apply for government benefits;

( )     b.      to determine residency;

( )     c.      to consent to medical and mental health treatment;

( )     d.      to make decisions about social environment/social aspects of life; and

( )     e.      to make decisions regarding education.

5.      There are no alternatives to guardian advocacy, such as trust agreements, powers of attorney, designation of health care surrogate, or other advanced directive, known to petitioner that would sufficiently address the problems of the respondent in whole or in part. Thus, it is necessary that a guardian advocate be appointed to exercise some but not all of the rights of respondent.

6.      The names and addresses of the next of kin of the respondent are:

| Name | Address | Relationship |
|------|---------|--------------|
|      |         |              |
|      |         |              |

7.        The proposed guardian advocate .....(name)....., whose residence address is _____ _____ and whose post office address is _____ _____; is over the age of 18 and otherwise qualified under the laws of the State of Florida to act as guardian advocate of the person of respondent. The proposed guardian advocate is not a professional guardian. The relationship of the proposed guardian advocate with the providers of health care services, residential services, or other services to the respondent is (if none, indicate: NONE):_____

_____

_____

8.        The petitioner(s) allege(s) that to their knowledge, information, and belief, respondent _____ has or _____ has NOT executed an advance directive under chapter 765, Florida Statutes, (designated health case surrogate or other advance directive) or a durable power of attorney under chapter 709, Florida Statutes.

9.        _(If a Co-Guardian Advocate sought, complete this paragraph.)_ Petitioner requests that _____ be appointed co-guardian advocate of the person of respondent. The proposed co-guardian advocate .....(name)....., who is _____ years of age, whose residence is _____; whose post office address is _____ _____; is over the age of 18 and otherwise qualified under the laws of the State of Florida to act as guardian advocate of the person of respondent. The proposed co-guardian advocate is not a professional guardian. The relationship of the proposed co-guardian advocate with the providers of health care services, residential services, or other services to the respondent is (if none, indicate: NONE): _____

_____

_____

The relationship and previous association of the proposed co-guardian advocate to the respondent is _____. The proposed co-guardian advocate should be appointed because: _____

_____

_____

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

Signed .....(date)......

Signature: _____
Proposed Guardian Advocate
Name: _____
Address: _____

_____
Phone Number: _____
E-mail Address: _____

Signature: _____

Proposed Co-Guardian Advocate
Name: _____
Address: _____

_____
Phone Number: _____
E-mail Address: _____

**(b)** **Notice.** The notice of the filing of the petition for the appointment of guardian advocate of the person and notice of hearing must be served with the petition for appointment of guardian advocate of the person pursuant to subdivision (a) of this rule.

FORM FOR NOTICE OF FILING OF A PETITION FOR
APPOINTMENT OF GUARDIAN ADVOCATE OF THE PERSON
PURSUANT TO SECTION 393.12(4), FLORIDA STATUTES,
AND NOTICE OF HEARING

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardian Advocacy of


_____
Respondent's Name
Person with Developmental Disability


_____

NOTICE OF FILING OF A PETITION FOR
APPOINTMENT OF GUARDIAN ADVOCATE
AND NOTICE OF HEARING
TO:      .....(Respondent)....., .....(attorney for respondent)....., .....(next of kin)....., .....(healthcare surrogate)....., and .....(agent under durable power of attorney).....

YOU ARE NOTIFIED that a petition for appointment of guardian advocate of the person has been filed. A copy of the petition for appointment of guardian advocate of the person is attached to this notice. There will be a hearing on the petition as follows:

You are to appear before the Honorable ...................., Judge, at .....(time)....., on .....(date)....., at the county courthouse of .................... County, in ...................., Florida for the hearing of this petition.

The reason for this hearing is to inquire into the capacity of the respondent, the person with a developmental disability, to exercise the rights enumerated in the petition. (See § 744.102(12)(b), Fla. Stat.)

The respondent has the right to be represented by counsel of his or her own choice and the court has initially appointed the following attorney to represent the respondent:

Attorney for the respondent: .....(name)....., .....(address)......, .....(phone)....., .....(e-mail)......

Respondent has the right to substitute an attorney of his or her own choice in place of the attorney appointed by the court.

Signed .....(date)......

Signature: _____          Signature: _____
Proposed Guardian Advocate                    Proposed Co-Guardian Advocate (if any)
Name: _____          Name: _____
Address: _____          Address: _____
_____          _____
Phone Number: _____          Phone Number: _____
E-mail Address: _____          E-mail Address: _____

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing notice of filing petition to appoint guardian advocate and notice of hearing and a copy of the petition for appointment of guardian advocate of the person was served on all persons indicated above, including on the attorney for the respondent, on .....(date)......

Signature: _____          Signature: _____
Proposed Guardian Advocate                    Proposed Co-Guardian Advocate (if any)
Name: _____          Name: _____
Address: _____          Address: _____
_____          _____
Phone Number: _____          Phone Number: _____
E-mail Address: _____          E-mail Address: _____


**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**(c)    Order.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship of

_____
Respondent's Name
Person with Developmental Disability

_____

### ORDER APPOINTING GUARDIAN ADVOCATE

Upon consideration of the petition for the appointment of guardian advocate of the person, the court finds that .....(respondent's name)..... has a developmental disability of a nature that requires the appointment of guardian advocate of the person based upon the following findings of fact and conclusions of law:

1.      The nature and scope of the person's lack of decision-making ability are: _____

_____

_____

_____


2.      The exact areas in which the person lacks decision-making ability to make informed decisions about care and treatment services or to meet the essential requirements for his/her health and safety are specified in number 4.

3.      The specific legal disabilities to which the person with a developmental disability is subject to are: _____

_____

_____

_____


4.      The powers and duties delegated to the guardian advocate are:

( )    a.      to apply for government benefits;

( )    b.      to determine residency;

( )    c.      to consent to medical and mental health treatment;

( )    d.      to make decisions about social environment/social aspects of life; and

(    )    e.       to make decisions regarding education.

5.     There are no alternatives to guardian advocacy, such as trust agreements, powers of attorney, designation of health care surrogate, or other advanced directive, known to petitioner that would sufficiently address the problems of the respondent in whole or in part. Thus, it is necessary that a guardian advocate be appointed to exercise some but not all of the rights of respondent.

6.     Without first obtaining specific authority from the court, as stated in section 744.3725, Florida Statutes, the guardian advocate may not exercise any authority over any health care surrogate appointed by any valid advance directive executed by the disabled person, pursuant to Chapter 765, Florida Statutes, except upon further order of this Court.

ORDERED AND ADJUDGED:

1. .....(Name)..... is qualified to serve as guardian advocate and is hereby appointed as guardian advocate of the person of .....(respondent's name)......

2.     The guardian advocate shall exercise only the rights that the court has found the disabled person incapable of exercising on his or her own behalf, as outlined herein above. Said rights are specifically delegated to the guardian advocate.

ORDERED this .....(date)......

_____
Judge

## RULE 5.906. LETTERS OF GUARDIAN ADVOCACY

FORM LETTERS OF GUARDIAN ADVOCACY

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardian Advocacy of

_____
Respondent's Name
Person with Developmental Disability

_____

LETTERS OF GUARDIAN ADVOCATE (CO-GUARDIAN ADVOCATES)

OF THE PERSON

TO ALL WHOM IT MAY CONCERN:

WHEREAS, .....(guardian advocate's name(s))..... has/have been appointed guardian advocate(s) of the person of .....(the ward)....., a person with a developmental disability who lacks the decision-making capacity to do some of the tasks necessary to take care of his/her person; and

NOW, THEREFORE, I, the undersigned, declare that .....(guardian advocate's name(s))..... is/are duly qualified under the laws of the State of Florida to act as guardian advocate of the person of .....(the ward)...., with full power to exercise the following powers and duties on behalf of the person with a developmental disability:

( )    1.    to apply for government benefits;

( )    2.    to determine residency;

( )    3.    to consent to medical and mental health treatment; and

( )    4.    to make decisions about social environment and social aspects of life; and

( )    5.    to make decisions regarding education.

Without first obtaining specific authority from the court, pursuant to sections 744.3215(4) and 744.3725, Florida Statutes, the guardian advocate (co-guardian advocates) may not:

- 50 -

a.       commit the respondent to a facility, institution, or licensed service provider without formal placement proceedings pursuant to Chapter 393, Florida Statutes;

b.       consent to the participation of the respondent in any experimental biomedical or behavior procedure, exam, study, or research;

c.       consent to the performance of sterilization or abortion procedure on the respondent;

d.       consent to termination of life support systems provided for the respondent;

e.       initiate a petition for dissolution of marriage for the ward; or

f.       exercise any authority over any health care surrogate appointment by a valid advance directive executed by the disabled person, pursuant to Chapter 765, Florida Statutes, except upon further order of this court.

The respondent shall retain all legal rights except those that are specifically granted to the guardian advocate (co-guardian advocates) pursuant to court order.

ORDERED this .....(date)......

_____
Judge

**RULE 5.910.          INVENTORY**

_____ Judicial Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____
Judge: _____
Amended Form?_____ Yes*_____ No
*If yes, version of the Amended Form: _____

In Re: Guardianship of

_____

_____

## INITIAL INVENTORY

Date of letters of guardianship: _____

Property guardianship type: _____

_____

## SUMMARY

Section A: Value of Real Property Assets                    $ _____

Section B: Cash Assets/Cash Equivalent Assets              $ _____

Section C: Intangible Assets/Stocks/Bonds                  $ _____

Section D: Tangible Personal Property                      $ _____

Section E: Debts/Encumbrances/Liabilities/Liens            $ _____

**Total                                                    $ _____**

_____

**Section A: Real Property Assets**
Do you have entries for Section A? _____ Yes _____ No

| Number | Description and Address | Full Value | Is There Another Owner? Yes or No |
|---|---|---|---|
| 1. | | | |

| | | | |
|---|---|---|---|
| 2. | | | |
| 3. | | | |

**Total for Section A**                                              $ _____

Attach a copy of the property appraiser's information or a copy of the deed for all real property.

_____

**Section B: Cash Assets/Cash Equivalent Assets (checking account, savings account, money market account, certificate of deposit (CD))**
Do you have entries for Section B? _____ Yes _____ No

Are any of the entries held in a depository account? _____ Yes _____ No

| Number | Institution Name | Last 4 Digits of Account Number | Type of Asset | Full Value | Is There Another Owner? Yes or No | Is this a Depository Account? Yes or No |
|---|---|---|---|---|---|---|
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |

**Total for Section B**                                              $ _____

Attach a copy of the institution's statement for each account from the creation date of the guardianship.

_____

**Section C: Intangible Assets/Stocks/Bonds**
Do you have entries for Section C? _____ Yes _____ No

Are any of the entries held in a depository account? _____ Yes _____ No

| Number | Issuer Name and Address | Type of Asset | Full Value | Last 4 Digits of Account Number | Is There Another Owner? Yes or No |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |

**Total for Section C**                                              $ _____

Attach a copy of the institution's statement for each account from the creation date of the guardianship.

---

**Section D: Tangible Personal Property Assets (motor vehicles, jewelry, household furnishings, collectibles, fine art)**
Do you have entries for Section D? _____ Yes _____ No

| Number | Description and Location | Full Value | Is There Another Owner? Yes or No |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

**Total for Section D** $ _____

Attach a copy of the title for any motor vehicle.

---

**Section E: Debts/Encumbrances/Liens/Liabilities**
Do you have entries for Section E? _____ Yes _____ No

Instructions: List each liability equal to or greater than $1,000.

| Number | Creditor | Full Amount of Liability | Last 4 Digits of Account Number | Is there Another Person who Owes on the Debt? Yes or No |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

**Total for Section E** $ _____

A copy of documents detailing each listed liability.

---

**Section F: Sources of Income**
Do you have entries for Section F? _____ Yes _____ No

| Number | Type | Payor | Estimated Monthly Amount |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

**Total for Section F** $ _____

Is the guardian the representative payee of Social Security benefits? _____ Yes _____ No

If no, who is the representative payee for the Social Security benefits? _____

**Section G: Lawsuits Against the Ward**
Do you have entries for Section G? _____ Yes _____ No

| Number | Description of Lawsuit or Claim | Estimated Amount of Claim | Court Address | Plaintiff's Name and Address | Describe Cause of Action | Date of Debt Occurrence |
|---|---|---|---|---|---|---|
| 1. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |

**Section H: Pending Litigation and/or Lawsuits the Ward May Bring if Court Approval Is Received**
Do you have entries for Section H? _____ Yes _____ No

| Number | Description of Lawsuit or Claims | Case Number and Court Address | Defendant Name and Address | Describe Cause of Action | Attorney for Ward |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |

**Section I: Assets the Ward, as of the Date of the Letters of Guardianship, Was Entitled to Receive, but Has Not Received**
Do you have entries for Section I? _____ Yes _____ No

Instructions: If the guardian has knowledge of assets the ward was entitled to receive as of the date of letters, but were not received the assets should be listed here. Examples: insurance policies, benefits, inheritance, or settlements from litigation.

| Number | Description | Estimated Date of Receipt | Estimated Amount |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

**Section J: Trusts**
Do you have entries for Section J? _____ Yes _____ No

| Number | Name of Current Trustee and Address | Ward's Interest | Estimated Date Trust was Created | Value of the Ward's Interest in the Trust |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

---

**Section K. Safe-Deposit Box**

Does the ward lease a safe-deposit box? _____ Yes _____ No

If yes, location and number of safe-deposit box: _____

Does the ward lease a safe-deposit box with another individual or individuals? _____ Yes _____ No

Who is the joint lessee with the ward? _____

Was an inventory of the safe-deposit box filed with the court as required by section 744.365, Florida Statutes? _____ Yes _____ No

Has the safe-deposit box been opened? _____ Yes _____ No

[*A certificate of service as required by Florida Rule of Judicial Administration 2.516 must be included if the incapacitated person is not a minor under 14 years of age and is not totally incapacitated.*]

I certify that the foregoing document has been furnished to .....(name, address used for service, mailing address, and e-mail address)..... by .....(e-mail) (delivery) (mail) (fax)..... on .....(date)…...

_____
Guardian's Signature
Guardian's Printed Name: _____
Guardian's Address: _____

_____
Guardian's Phone Number: _____
Guardian's E-mail Address: _____